JMK:JSC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

HELEN LASHAWN DAVIS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

15M309

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C. §§ 1709 and 1711)

EASTERN DISTRICT OF NEW YORK, SS:

    JENNIFER MCINERNEY, being duly sworn, deposes and says that she is a Special Agent with the Office of the Inspector General for the United States Postal Service ("USPS-OIG"), duly appointed according to law and acting as such.

    On or about and between July 25, 2012 and September 30, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HELEN LASHAWN DAVIS, being an employee of the United States Postal Service ("Postal Service"), did knowingly, intentionally and unlawfully embezzle, steal, abstract, and remove mail entrusted to her and which came into her possession intended to be conveyed by mail and carried and delivered by any carrier, messenger, agent or other person employed by the Postal Service.

    (Title 18, United States Code, Section 1709)

1

On or about and between July 25, 2012 and September 30, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HELEN LASHAWN DAVIS, being an employee of the Postal Service, did knowingly, intentionally and unlawfully use or convert to her own use, or exchange for other funds or property, property entrusted to her and which came into her hands or under her control in the execution or under color of her employment or service.

(Title 18, United States Code, Section 1711)

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I have been a Special Agent with the USPS-OIG for approximately four years. My information in this case comes from my personal involvement in this investigation, conversations with other USPS-OIG agents involved in the investigation and conversations with witnesses with firsthand knowledge of the events described herein.

2. Beginning in early 2012, several employees of the Jefferson Valley Macy's store located in Yorktown Heights, New York, started noticing the same female individual making serial returns of items ordered from Macy's online.

3. These types of returns are referred to as "dot.com" returns at Macy's because the customer orders are placed through Macy's website. Customers ordering from Macy's website receive a "reservation number" and the items are subsequently shipped to the customers at the name and address they provide. The merchandise is shipped to the customer through USPS or Federal Express, whichever is cheaper. Customers returning an

---

[1] Because the purpose of this complaint is to state only probable cause, I have not described all the relevant facts and circumstances of which I am aware.

item can ship it back using a Customer Return Label ("CRL"), which ships the item back to Macy's via USPS. A customer may also return the items in a Macy's store by using his or her receipt or the CRL that is associated with the original transaction. If a customer has either the correct matching receipt or CRL, he or she does not have to present ID in order to complete the return. Returns may be credited to a Macy's gift card called an "easy exchange card." While a regular Macy's gift card has a maximum limit of $1,000 value, easy exchange cards have a maximum value of $5,000 per card. Each easy exchange card has a unique identifying number called a "Gift Card Number."

4. Typically, the receipt and CRL list the item recipient name on them. For instance, if John Doe purchases something at Macy's online for himself, the receipt says "John Doe" on the bottom. If John Doe were to purchase a gift for Jane Doe in the online ordering system, the receipt would have "Jane Doe" on the bottom of it.

5. Beginning in approximately 2011 or 2012, the defendant HELEN LASHAWN DAVIS began making frequent dot.com returns at the Jefferson Valley Macy's store with receipts that all contained various names and various items for return including women's clothing, men's clothing, jewelry, and other items. She wore her USPS uniform when making the returns at that Macy's store. Employees started to notice the frequency with which DAVIS did this and deemed her the "habitual returner." Initially, DAVIS received a new easy exchange card for each return she made. She would then use the easy exchange cards to go on shopping sprees at Macy's and purchase items for herself.

6. Macy's employees started confronting the defendant HELEN LASHAWN DAVIS about returning items that had various names on the receipts or CRLs,

but the policy did not require that she show her real ID or indicate that the goods belong to her.

7. After being questioned by employees over various returns, the defendant HELEN LASHAWN DAVIS began making returns at other Macy's stores as well, including stores in Poughkeepsie, New York; Queens Center in Queens, New York; Flushing in Queens, New York; Herald Square in Manhattan, New York; and Cross Country in Yonkers, New York. DAVIS also began cutting the names of other customers off of the bottom of the return receipts. This meant that employees at the Macy's would not see the name of the individual who had actually placed the order (for example, they would not see "John Smith" and could not then question the defendant about the fact that she is not John Smith).

8. Macy's was able to obtain the identification information about the defendant HELEN LASHAWN DAVIS because during certain of her transactions, she completed "presale purchase forms" to secure sale items early, using the name "Helen Lashawn Davis" and her address. In approximately July 2014, one of the Macy's employees followed the defendant out of the Macy's store and obtained her car license plate number. Registration information for the car showed that the car was registered to Helen Davis, an employee with the Postal Service. Macy's security agents and employees also began requiring that the defendant use one single easy exchange card for her transactions, rather than receiving a new one for each return. In doing so, they began recording the Gift Card Number of the easy exchange card DAVIS was using so that the store could track her transactions.

9.  John Moore, a Macy's Investigator, began tracking the defendant HELEN LASHAWN DAVIS's transactions by Gift Card Number. By inputting the Gift Card Number into the Macy's store system, a report is produced with all transactions associated with that Gift Card Number. By tracking the Gift Card Numbers associated with the defendant, Mr. Moore was able to compile most of the fraudulent returns made by the defendant from approximately July 25, 2012 to September 30, 2014, including the total number of victims (customers who never received their merchandise and who were later reimbursed by Macy's) and the total value of the items fraudulently obtained and returned by the defendant (dollar value of returns placed onto the defendant's easy exchange cards).

10. For example, the defendant HELEN LASHAWN DAVIS began using an easy exchange card with Gift Card Number 653185422669939 during the week of July 25, 2012. In approximately October 2013, an individual, "Victim 1," ordered a men's outerwear item through the Macy's website, to be shipped to Astoria in Queens, New York. His order was confirmed with reservation number #970883881. The value of the order, with tax, was $89.94 ($79.99 merchandise cost). That amount was billed to Victim 1's credit card. Victim 1 did not receive the item. On November 1, 2013, the defendant returned the men's outerwear item using a receipt that contained Victim 1's reservation number. A dollar value of $79.99 was placed on the defendant's easy exchange card bearing Gift Card Number 653185422669939, and the sales associate entered Helen Davis's name, address and phone number as the individual making the return. Victim 1 ultimately alerted Macy's that the item was never received, and Macy's shipped a new item to Victim 1.

11. Similarly, another individual, "Victim 2," ordered bed sheets and pillow cases totaling $109.64 from the Macy's website, and received reservation number

5

#971177473. Victim 2 requested that the item be shipped to Pennsylvania (a state with no sales tax). Victim 2 never received the item. On October 31, 2013, the defendant HELEN LASHAWN DAVIS returned the bed sheets and pillow cases to a Macy's store, using a receipt that contained Victim 2's reservation number. She received a credit for $45.04 for the pillow cases ($42.49 plus $2.55 in New York sales tax), and a second credit for $54.05 for the bed sheets ($50.99, plus $3.06 in New York sales tax), both on the same easy exchange card that had been used during the return associated with Victim 1 (Gift Card Number 653185422669939). Victim 2 informed Macy's that the item was never received, and Macy's reimbursed Victim 2 for the item.

12. On the same easy exchange card, from approximately July 2012 through July 2014, the defendant HELEN LASHAWN DAVIS also returned pillow cases, a Guess brand watch, men's belts, Free People brand clothing, and Dior and Lancome brand beauty products at various Macy's stores. She also made several exchanges and purchases using the balance on the easy exchange card.

13. In total, it appears that the defendant HELEN LASHAWN DAVIS has used over 12 different easy exchange cards, each with a unique Gift Card Number, to conduct her transactions at various Macy's stores. She has fraudulently returned such items as jewelry pieces with values ranging from approximately $200 to over $2000, sterling silver pieces, infant clothing, children's clothing, junior's clothing, men's clothing, women's clothing, swimwear, sportswear, several watches, suiting and ties, undergarments, makeup, and other items. Those items were not originally purchased by DAVIS; rather, they all trace back to hundreds of victims who never received the items they ordered from Macy's website.

14. From approximately 2012 to late 2014, the defendant HELEN LASHAWN DAVIS has used the same easy exchange cards to make purchases at various Macy's stores. She has purchased everything from home-related purchases to personal items, including clothing. For example, she has bought towels, pillows, a vacuum cleaner, hand-held massagers, and various kitchen items including Cuisinart merchandise.

15. Macy's has video surveillance of the defendant making returns and purchases using various easy exchange cards, and transaction records confirm these purchases. For example, on November 20, 2013, DAVIS is on video using easy exchange cards with Gift Card Numbers 659159552081989 and 659159552081989 at the Jefferson Valley Macy's store. On July 21, July 24, and July 25, 2014, DAVIS is on video using an easy exchange card with Gift Card Number 657109743157902 to return stolen merchandise and to make purchases at the Cross County Macy's store. She is on video using the same easy exchange card during a return of stolen merchandise at the Flushing Macy's store located in Queens, New York on July 23, 2014.

16. Additionally, using several easy exchange cards linked to fraudulent returns, the defendant HELEN LASHAWN DAVIS made a series of "presale" purchases, in order to secure merchandise at a sale price in advance of the sale. For example, using an easy exchange card with Gift Card Number 659159552081989, on or about December 4, 2013, DAVIS placed presale orders for a coat, Michael Kors products, a dress and denim at a Cross County Macy's store located in Yonkers, New York, using the name "Lashawn Davis" at "7911 Chelsea Cove, North Hopewell Jcti, NY 12533." Using an easy exchange card with Gift Card Number 837100045225362, on or about April 24, 2013, the defendant made another presale purchase for pickup at a Parkchester Macy's store in the Bronx, New York,

7

using the name and address of "Lashawn Davis, 7911 Chelsea Cv N, Hopewell Junti NY, 12533." During that presale purchase, she also ordered a Michael Kors product. Additionally, using an easy exchange card with Gift Card Number 650123566144359, on or about March 18, 2013, the defendant placed a presale order for several pairs of shoes at a Macy's store in Flushing, New York, for pickup under the name and address of "Helen Lashawn Davis, 7911 Chelsea Cove North, HopeEllict, NY 12533."

17. In total, the defendant HELEN LASHAWN DAVIS's fraudulent returns have yielded a gain to her and loss to Macy's of over $30,000, in addition to the money she has gained by state tax differences and refunded shipping fees (amounts which vary by purchase). Over 300 Macy's customers were victims of her fraud, and Macy's had to either reship the items ordered or reimburse the customers who did not receive their items.

18. The Postal Service has confirmed that the defendant HELEN LASHAWN DAVIS works a night shift for the Postal Service at the Queens Processing and Distribution Center, in Flushing, New York. On or about August 15, 2014, another USPS-OIG Special Agent and I conducted surveillance of the defendant at that Postal Service location. At approximately 1:45 a.m., I observed the defendant arrive at the location in a white, four-door Jeep with a New York license tag registered to her. She parked her car and left it for several hours while she attended to her work. At approximately 8:09 a.m., I observed Davis return to the parking lot carrying a large pink bag. She then placed the bag inside of her trunk and reentered the Postal Service center. At approximately 8:45 a.m., she returned to her vehicle and began sorting items in the trunk. While she was sorting through items, I observed a white shopping bag in her trunk with what appeared to be a Macy's red star on the bag. I also observed the defendant folding clothes, moving items between various

bags in the vehicle, throwing items from the trunk to the front of the vehicle and organizing and sorting clothes.

19. Based on information learned in the course of the investigation, I believe that during her Postal Service shift, the defendant HELEN LASHAWN DAVIS intercepts Macy's packages en route via the mail to Macy's and Macy's customers and takes them to her car. It appears that she uses her car trunk to store and sort the merchandise she wishes to return to various Macy's stores. She then drives to various Macy's stores and makes returns and/or purchases using those intercepted items, and then departs the Macy's locations in her car. We have verified that the defendant's home address is 7911 Chelsea Cove North, Hopewell Junction, New York through databases and surveillance, which is the same address that the defendant used on Macy's presale order paperwork and the same address to which the defendant's car is registered.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant HELEN LASHAWN DAVIS so that she may be dealt with according to law.

_____
JENNIFER MCINERNEY
Special Agent
Office of the Inspector General for the United States Postal Service

Sworn to before me this
3d day of April 2015

_____
THE HONORABLE VIKTOR V. PHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK